UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOSE DE JESUS SANCHEZ-CISNEROS,<br><br>    Defendant. | No. CR-09-6060-LRS<br>  (CV-11-5003-LRS)<br><br>**ORDER DENYING<br>§2255 MOTION** |

**BEFORE THE COURT** is Defendant's Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. §2255 (Ct. Rec. 47).

The court conducts an initial review of a §2255 motion. The initial standard of review for motions under §2255 is whether:

> [I]t plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court . . . .

Rule 4(b), **Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code**. This initial review is conducted prior to the court ordering the United States Attorney to file an answer. Based on the court's initial review of Defendant's motion, it will not direct that an answer be filed by the United States Attorney and the court denies Defendant's motion.

## I. BACKGROUND

Pursuant to a written plea agreement (Ct. Rec. 32), Defendant pled guilty to

**ORDER DENYING
§2255 MOTION-**          **1**

an Indictment charging him with Alien in United States After Deportation in violation of 8 U.S.C. §1326.  He was sentenced on March 25, 2010 to a term of imprisonment of 41 months and to a three year term of supervised release.  (Ct. Rec. 44).

Defendant contends his counsel rendered constitutionally ineffective assistance in advising Defendant to reject a fast track plea agreement, with the result being that the applicable sentencing guideline range (46 to 57 months) was higher than it would have been under a fast track plea agreement (33 to 41 months).

## II. DISCUSSION

Defendant must prove:  (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).   As to the first prong, there is a strong presumption counsel's performance was sufficiently effective.  *Id*. at 689.  Defendant must show his counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 690.  As to the second prong, Defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (i.e., a guilty plea would not have been entered).  A "reasonable probability" is a "probability sufficient to undermine confidence in the proceedings.  *Id*. at 694.

Counsel had a legitimate strategic reason for advising Defendant not to accept a fast track plea agreement.  Acceptance of such an agreement would have required the Plaintiff to agree to a sentence within the 33 to 41 months guideline range and forego any opportunity of arguing for a non-guideline sentence below 33 months based on the 18 U.S.C. §3553(a) factors.  This was discussed at Defendant's sentencing hearing.

On December 22, 2009, Defendant knowingly and voluntarily entered a

**ORDER DENYING**
**§2255 MOTION-**                      **2**

guilty plea to the non-fast track plea agreement which preserved his right to argue for "any sentence" (Ct. Rec. 32 at Paragraph 10).  A guilty plea must be a knowing and intelligent act performed with sufficient awareness of the relevant circumstances and likely consequences.  In order for a criminal defendant to make an intelligent assessment of the relative advantages of pleading guilty, it is incumbent upon counsel to provide his client with necessary and accurate information.  A mere inaccurate prediction, standing alone, will not constitute ineffective assistance, but "gross mischaracterization" of the likely outcome presented by a case, along with "erroneous advice" falls below the level of competence required of defense attorneys.  *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).  Defense counsel did not guarantee Defendant he would receive a 24 months sentence, or indeed that he would receive any sentence below the 33 to 41 months fast track guideline range.  A 24 months sentence is what counsel argued for at sentencing, but during the prior change of plea hearing, Defendant specifically acknowledged he understood the court was not obliged to accept the recommendations of counsel.  There is nothing to suggest the performance of Defendant's counsel was deficient in any respect.

Even assuming there was a deficiency, it did not prejudice the Defendant. Defendant received a non-guideline sentence of 41 months of incarceration which was equivalent to the top end of the range which would have applied had there been a fast track plea agreement.  And, as noted, as part of a fast track agreement, the Defendant would have needed to agree to a sentence within the 33-41 months range, if not to a specific number of months within the range.  There is not a reasonable probability that Defendant would have been sentenced to a term of less than 41 months had he entered into a fast track plea agreement.  Defendant did not receive ineffective assistance from his counsel.

//

//

**ORDER DENYING**
**§2255 MOTION-** 3

## III. CONCLUSION

It "plainly" appears from the face of the §2255 motion and the prior proceedings in the case that Defendant is not entitled to relief. Therefore, it is not necessary to direct the United States to file an answer to the motion and it is not necessary to conduct an evidentiary hearing.

Defendant's Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. §2255 (Ct. Rec. 47) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to Defendant and to counsel for the United States.

**DATED** this ___19th___ day of January, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING**
**§2255 MOTION-**                    4